IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CERTAIN UNDERWRITERS AT LLOYD'S )
OF LONDON SUBSCRIBING TO POLICY )
#B1230AP56189A16, as subrogee of Wyndham )
Worldwide and King Street Metroplace POA, )
Inc., and KING STREET METROPLACE POA, )
INC., )
                )
    Plaintiffs, )
                )  Case No. 20-cv-01051-LO-MSN
vs. )
                )  District Judge Liam O'Grady
ROTO-ROOTER SERVICES COMPANY, )  Magistrate Judge Michael S. Nachmanoff
d/b/a Roto-Rooter, )
4701 Cox Rd Ste 285 )
Glen Allen, VA, 23060 - 6808 )

    Defendant.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COME Plaintiffs, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY #B1230AP56189A16, as subrogee of Wyndham Worldwide and King Street Metroplace POA, Inc., and KING STREET METROPLACE POA, INC., by and through their attorneys, and for its Response to Plaintiff's Motion to Dismiss, states as follows:

## INTRODUCTION

This case arises out of damage to Plaintiff's property while Defendant Roto-Rooter was working at the property. The basis for Roto-Rooter's entry on the property was to perform work on a vent pipe stack that was clogged due to an unknown source (the "Vent Stack"). While Roto-Rooter was on the Property, Plaintiffs' fire suppression system ruptured, causing significant

damage to the Property. The fire suppression system, not Vent Stack, is the subject of the present litigation. Roto-Rooter was in no way hired to perform any work on the fire suppression system.

Defendant Roto-Rooter misleads this Court by alleging that it was "working in a wall, having located the blockage, when a high-pressure fire suppression line in the ceiling, behind drywall, ruptured." [ECF Doc 14, pp2] This statement implies that the rupture occurred independently of any work at the property. Plaintiffs intend to prove through litigation that a Roto-Rooter employee improperly grabbed or knocked the fire suppression line, causing it to rupture.

Plaintiffs concede that the original reason for Defendant's permitted entry onto the property arose from a business relationship between the parties. However, once Defendant was on the property, it owed a duty to refrain from damaging other parts of the property outside the scope of its services at the property. This would be the same duty owed by any guest of the property, who is solely at the property due to some form of contractual relationship allowing entry onto the property.

## STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. Rei Systems, Incorporated*, 417 F.3d 418, 420 (2005). [*5] The test at this stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (U.S. 1974). "The Complaint must be liberally construed in favor of the plaintiff, even if it appears that recovery is remote and unlikely." *Bryant v. Clevelands, Inc*., 193 F.R.D. 486, 489 (E.D. Va. 2000). "While a plaintiff is not charged with pleading facts sufficient

2

to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief." *Bass v. E. I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Federal Election Commission v. Christian Action Network*, 894 F.Supp. 946, 950 (W.D. Va. 1995).

Even if a Motion to Dismiss is granted, it should not be with prejudice, and "the court should freely give leave [to amend Complaint] when justice so requires." FRCP 15(a)(2) "If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion . . . must be heard and decided before trial unless the court orders a deferral until trial." FRCP 12(i).

<u>**ARGUMENTS AND AUTHORITIES**</u>

I.      **Plaintiffs Can Maintain a Tort Action in this litigation**

Plaintiffs <u>can</u> maintain an action for negligence under exceptions to Virginia's Economic Loss Rule. The general rule in Virginia is that purely economic losses are not recoverable in tort because the contract defines the breach and the damages. However, the Economic Loss Rule does not apply when there is physical damages to persons or property. *Blake Constr. Co. v. Alley*, 233 Va. 31, 33, 353 S.E.2d 724, 725, 3 Va. Law Rep. 1868 (Va. 1987); *McConnell v. Servinsky Eng'g PLLC*, 22 F. Supp. 3d 610, 614-15 (W.D. Va. 2014); See Also *Rogers v. Dow Agrosciences, LLC*, No. 4:06CV00015, 2006 U.S. Dist. LEXIS 79177, 2006 WL 3147393, at *3 (W.D. Va. Oct. 31, 2006) (declining to dismiss negligence claim based on economic loss rule where defendants may have breached independent duty of care to prevent injury to property by spraying chemicals that killed pine tree crop); See Also *Gonella v. Lumbermens Mut. Cas. Co.*, 64 Va. Cir. 229, 2004 WL 836031, at *3 (Va. Cir. Ct. 2004) (declining to dismiss negligence claims based on economic loss

rule where plaintiffs alleged personal injury from contractor's negligent repair of a leak that caused mold infestation).

Defendants do not contest that while their employees were at the property subject to this litigation, there was physical damage due to discharge of water from the fire suppression line in an area where its employees were working. (Def. Brief in Support of Mtn. to Dismiss at 2, ECF No. 14] ("Roto-Rooter was working in a wall, having located the blockage, when a high-pressure fire suppression line in the ceiling, behind drywall, ruptured"). This discharge of water caused damage to Plaintiffs' **other** property. The damage that occurred was not damage that could have been contemplated or bargained for in the contract with Defendant, which only provided for clearing the Vent Stack blockage.

Defendant relies upon two cases for its unsupported position that all tort claims are barred when the "alleged wrongdoing arises from the parties' contract." (Def. Brief in Support of Mtn. to Dismiss at 3, ECF No. 14, citing *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425 (1988); *Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 256 Va. 553 (1998)). Both *Sensenbrenner* and *McDevitt* are distinguishable from the case before the Court. In *Sensenbrenner*, the contract at question encompassed the entire home's construction, and the resulting damage was to part of that home, or part of the bargained for contract. In *McDevitt*, the contract was for construction of the Diamond Baseball Stadium in Richmond, and the resulting damage was to the Diamond Stadium, or part of the bargained for contract. In both of those cases, the Courts' rulings that the contracts are the source of duty, and are therefore the remedy, make sense under Virginia law. However, in the case at bar, the contract merely created the initial relationship between Plaintiff and Defendant, but does not govern the source of the resulting

4

damage to the Property, from a wholly separate system at the Property (the "Vent Stack versus the "Fire Suppression System").

Plaintiffs would concede that if Defendant's work on the Vent Stack caused damage to the property due to improper work on the Vent Stack, then the contract terms would govern and would provide the remedy. However, Plaintiffs contend that damage to the fire suppression system, not the Vent Stack, caused the resulting damage that forms the basis of this litigation (See Generally, Plaintiffs' First Amended Complaint, ECF 8).

"The bright line between tort and contract dims where one has a contractual duty but the performance of that duty creates a risk to the well-being of other's persons or property." *Rogers, 2006 U.S. Dist. LEXIS 79177* at 11, citing *Gonella,* 64 Va. Cir. at 235. In *Gonella,* a contractor had a contractual duty to fix a leak, but a tort duty could exist where faulty performance led to mold and disease. The Court ruled that a party is not completely barred from recovery where the parties' relationship arises from a contract if the claim for damages in tort was beyond the economic expectations of the contract. *Id.* at 233. *See also Commonwealth Park Suites Hotel v. Armada/Hoffler Constr. Co.*, 34 Va. Cir. 393, 399 (Va. Cir. Ct. 1994) ("[W]here the safety of persons or property is involved, or where physical harm is threatened, the Supreme Court [of Virginia] must have intended that where such allegations are made, a cause of action does exist.").

In this instance, the damage to the fire suppression system and property were not contemplated by or bargained for within the contract itself. Defendant owed contractual and tortious duties to the Plaintiffs. Specifically, via contract, the Defendant was required to perform their work in a skillful and prudent manner, and not cause damage to the property. However, as an invitee on the property, Defendant also was required not to cause damage to other parts of the property, which is the same duty owed by any guest of the property. In fact, Virginia confers

statutory tort duty to a guest of a hotel property similar to the property subject to this litigation. Specifically, Va. Code Ann. § 8.01-42.2 provides the following:

> **Liability of guest for hotel damage**
> Any registered guest in a hotel, motel, inn or other place offering to the public transitory lodging or sleeping accommodations for compensation shall be civilly liable to the innkeeper for all property damage to such accommodation or its furnishings which occurs during the period of such person's occupancy when such damage results (i) from the negligence of the guest or of any person for whom he is legally responsible or (ii) from the failure of the guest to comply with reasonable rules and regulations of which he is given actual notice by the innkeeper.

Similar to the facts here, a guest is only at a hotel by virtue of a contract to rent the space for the time and price agreed upon. However, that guest has an independent duty to not damage the property, and will be liable if damage is the result of "negligence of the guest or of any person for whom he is legally responsible." It would not make any sense to hold a non-professional guest at the property to any higher standard than a business professional at the property performing work. Even when a contract is the only reason for someone to be at a property, it does not alleviate the duty to not damage the property.

## II.      Dismissal is Not an Appropriate Remedy

Plaintiffs believe that for the reasons stated in this brief, facts have been sufficiently plead in both the Complaint and First Amended Complaint to support a cause of action for both Negligence and Breach of Contract. Plaintiff therefore asks that Defendant's Motion be denied as a matter of law.

However, even if this Court finds that Plaintiffs' Complaint or First Amended Complaint has not sufficiently plead the facts necessary to overcome the present 12(b)(6) Motion to Dismiss, "the court should freely give leave [to amend] when justice so requires." FRCP 15(a)(2).

Therefore, in the alternative, Plaintiff requests this Court grant leave to further Amend the Complaint in response to the Motion to Dismiss.

## **CONCLUSION**

For the reasons stated in this Brief, Plaintiffs request this Court Deny Defendant's Motion to Dismiss as a matter of law, and rule that Plaintiffs can maintain an action in both tort and Contract in this litigation, allowing the case to proceed with proofs on its merits.

Respectfully submitted October 26, 2020.

Respectfully Submitted,

/s/ Charles J. Soschin, VSB # 79084__
400 7th Street NW, Suite 206
Washington, DC 20004
Tel: (703) 981-3629
Fax: (202) 628-0249
cjs@cjsoschin.com

-and-

/s/ Evan J. Malinowski_____
Alyssa J. Endelman (*Admitted Pro Hac Vice*)
Evan J. Malinowski (*Admitted Pro Hac Vice*)
**DENENBERG TUFFLEY, PLLC**
28411 Northwestern Highway, Suite 600
Southfield, MI  48034
248-549-3900; 248-593-5808 (fax)
aendelman@dt-law.com
emalinowski@dt-law.com

*Attorneys for Plaintiffs*